UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNE SOCORRO FUENTES PENADO (A 215-561-594),

Petitioner,

v.

WARDEN, et.al.,

Respondents.

No. 1:26-cv-03315-DC-CKD

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner, a citizen of El Salvador, entered the United States lawfully on January 17, 2004 when she was seven years old and has never left. ECF No. 12 at 2; 12-1; 17-2. She has submitted applications for asylum and lawful permanent resident status, both of which are pending. ECF No. 12 at 2. In 2018, Petitioner was placed in removal proceedings but an immigration judge dismissed her case in 2024. ECF No. 17-2 at 2-3. Between 2022-2025 Petitioner was convicted of various crimes including using drug paraphernalia, domestic battery, trespass, and theft. Id. at 3-4. U.S. Customs and Immigration Enforcement (ICE) placed an immigration detainer on Petitioner while she was serving a criminal sentence and took her into

custody on February 23, 2026. Id. at 2. ICE charged Petitioner under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States beyond the authorized period, and placed her back in removal proceedings, which remain pending. Id. at 4, 42-44. On June 16, 2026, Petitioner received a bond hearing. ECF No. 14-1. At the bond hearing, an immigration judge denied bond, finding that, based on Petitioner's criminal history, she had not demonstrated that she does not pose a danger to the community. Id. The next day, ICE notified the immigration court that Petitioner might be a member of the class certified in Franco-Gonzalez v. Holder, No. 10-2211, 2011 WL 11705815, 16 (C.D. Cal. 2011) due to a diagnosis of schizophrenia. ECF No. 17-3 at 12-15. Pursuant to the district court's orders in Franco-Gonzalez v. Holder, 2014 WL 5475097 (C.D. Cal. 2014), an immigration judge conducted a mental competency inquiry, finding that Respondent is competent to represent herself in removal proceedings and does not require the appointment of a Qualified Representative. ECF No. 20, 21.

Petitioner filed a pro se petition for writ of habeas corpus on April 30, 2026, claiming that prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. ECF No. 1. After appointment of counsel, Petitioner submitted an amended petition but did not raise new arguments. ECF No. 12. Respondents subsequently notified the Court that on June 16, 2026, Petitioner received a bond hearing and was denied bond. ECF No. 14. Respondents also opposed the petition, arguing that Petitioner has not exhausted administrative remedies and that the processes available to challenge her detention are constitutional. ECF No. 17. Petitioner countered that this court has jurisdiction to review bond hearing decisions for constitutional claims, and that the exhaustion requirement should be waived. ECF No. 18. Petitioner also requested leave to present a challenge to her bond hearing upon receipt of a recording of the proceeding, but has not presented such challenge to date, more than 30 days after the request. Id.

## II. Legal Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in

custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**A. Relevant Statutory Immigration Framework**

The detention of noncitizens who are present in the U.S. but subject to removal proceedings is governed by 8 U.S.C. § 1226(a). Noncitizens subject to § 1226(a) may be detained or released on bond or conditional parole. 8 U.S.C. § 1226(a)(1),(2)

**B. Exhaustion**

In contrast to 28 U.S.C. § 2254, which requires habeas corpus petitioners in state custody to exhaust administrative remedies, § 2241 does not specifically require petitioners to exhaust direct appeals. Castro-Cortez v. INS, 239 F.3d 1037, 1047 n. 11 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006)). The exhaustion requirement under § 2241 is therefore prudential rather than jurisdictional. Id. Courts may require exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).

Where the Puga factors weigh in favor of requiring exhaustion, such requirement may be waived. The Ninth Circuit has found it appropriate to waive exhaustion where administrative remedies would be inadequate or pursuit of such would be futile, irreparable injury would result, or the petition poses a substantial constitutional question or issue separate from the administrative remedy itself. Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004).

**III. Analysis**

Petitioner argues that prudential exhaustion should be waived in this matter because the petition presents constitutional claims that would be better suited for review by the federal courts,

and because an appeal to the Board of Immigration Appeals would likely be delayed, causing Petitioner irreparable harm due to prolonged detention without adequate bond procedures. To the extent that the petition raises constitutional claims, those have been resolved by the bond hearing itself. As to irreparable injury caused by prolonged detention during lengthy appellate review, Petitioner has not appealed the bond decision and may not simply bypass available administrative remedies to instead pursue relief before this court. Petitioner's remaining challenge – which she has not presented but rather seeks leave to present – is the adequacy of the bond hearing. The Ninth Circuit held that challenges to an immigration judge's bond determination must be exhausted at the BIA before a petitioner seeks habeas relief in a federal district court. Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011). Courts in this district have found that the Puga factors strongly weigh in favor of requiring exhaustion when a petitioner requests review of an IJ's bond determination. Fernandez Vasquez v. Cruz, No. 1:26-CV-00476-DAD-EFB, 2026 WL 252055 (E.D. Cal. Jan. 30, 2026), citing Martinez v. Scott, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844 (W.D. Wash. Aug. 27, 2025) (finding that the Board of Immigration Appeals ("BIA") has the appropriate expertise to provide a complete record, relaxation of the requirement to appeal would encourage the deliberate bypass of the administrative scheme, and the BIA has the ability to correct any agency mistakes, eliminating the need for judicial review). Additionally, courts in this district have found that none of the Laing exceptions apply when petitioners have requested review of an IJ's bond determination. Fernandez, 2026 WL 252055, citing Martinez, 2025 WL 2689844. The undersigned therefore finds that Petitioner must first exhaust administrative remedies if she wishes to challenge the adequacy of the bond hearing.

**IV. Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be DENIED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 08/28/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 fuen3315.imm.fnr