UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SOCORRO FUENTES PENADO (A-215-561-594),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-03315-DC-CKD (HC)<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. No. 23) |

Petitioner, an immigration detainee, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 12.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 28, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 23.) The magistrate judge found that Petitioner failed to exhaust her administrative remedies and recommended that the petition for a writ of habeas corpus be denied. (*Id.*) The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (*Id.*) On September 11, 2026, Petitioner objected to the findings and recommendations "[f]or the reasons set forth in her reply filed on July 21, 2026." (Doc. No. 24.) Respondents did not file objections.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602

F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). In accordance with this court's prior decisions, the undersigned will decline to adopt the findings and recommendations and will grant the petition for a writ of habeas corpus and order that Petitioner be released from custody.

This court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds for the petitioner who had overstayed her visa); *Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933 (E.D. Cal. Oct. 5, 2026) (same); *Velasquez Leon v. U.S. Att'y Gen./ICE*, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950 (E.D. Cal. Oct. 5, 2026) (same).

Petitioner was admitted to the United States pursuant to a visa in January 2004, and her nonimmigrant status pursuant to that visa expired in July 2004. (Doc. Nos. 12 at 2; 17 at 2.) Petitioner remained in the United States following the expiration of her visa, and during the years since she has filed multiple petitions with the United States Citizenship and Immigration Services ("USCIS"), including in 2018 and 2021. (Doc. Nos. 12 at 2; 17-2 at 3.) In February 2026, Petitioner was detained by immigration authorities on the basis of having overstayed her 2004 visa. (Doc. No. 17-2 at 4.) Petitioner was transferred into Immigration and Customs Enforcement's ("ICE") custody from local custody following her arrest for misdemeanor use/possession of drug paraphernalia. (*Id.* at 2–4.) There is no indication that ICE provided Petitioner with prior notice or a pre-deprivation bond hearing before detaining her. (*See id.*; Doc. Nos. 12, 17.) In June 2026, Petitioner filed this amended petition in which she seeks relief on due process grounds. (Doc. No. 12.)

Respondents neither argue nor explain why notice and a pre-deprivation bond hearing were not, or could not have been, provided to Petitioner when she was not detained until two decades after her visa expired, and years after her multiple USCIS petitions. (*See* Doc. Nos. 12 at 2; 17-2 at 3.) Further, the undersigned is unpersuaded that Petitioner's criminal history renders inapplicable this court's previous determination that similarly situation noncitizens are entitled to notice and a pre-deprivation bond hearing before they can be detained, especially where the government does not provide any explanation or argument in that regard. (*See* Doc. Nos. 17 at 2; 17-2 at 2–4); *see Yi Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without pre-deprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner" pursuant to § 1226(a)); *Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (ordering immediate release for the petitioner where the respondents made no argument as to the implications, if any, of the petitioner's alleged arrest).

For the reasons articulated in *Oliveira Tinoco*, the undersigned finds that Petitioner's right to due process was violated when she was detained without notice and a pre-deprivation bond hearing. *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, this court has held that a post-deprivation bond hearing cannot suffice as a post hoc cure for an earlier constitutional violation stemming from the government's failure to provide notice and a pre-deprivation bond hearing before revoking a noncitizen's government-sanctioned liberty, and that the proper remedy for this violation is to return the noncitizen to the status quo ante litem. *Id.* Therefore, the proper remedy here is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES TO ADOPT the findings and recommendations filed August 28, 2026 (Doc. No. 23);

2. Petitioner's amended petition for writ of habeas corpus (Doc. No. 12) is

GRANTED as follows:

a. Petitioner Joanne Socorro Fuentes Penado (A-215-561-594) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions she was subject to immediately prior to her current immigration detention. Respondents shall not impose any additional restriction on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon her release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

/////

/////

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 23, 2026**

Dena Coggins
United States District Judge